PER CURIAM.
Elwin Enterprises, Inc., d/b/a Detail Cleaning Services, a defendant in the proceedings below, seeks certiorari review of the trial court’s order denying, on rehearing, its motion to dismiss filed pursuant to Florida Rule of Civil Procedure 1.0700’). That rule requires service of the initial process and pleading on a defendant to be made within 120 days after the filing of the initial pleading directed to that defendant, allows the court to extend the time for service, and authorizes certain actions by the court in the event of untimely service.[1] Elwin argues that the court departed from the essential requirements of law when it denied its motion to dismiss following numerous extensions of time that were allowed by the trial court before service was effectuated. Although we can appreciate the position that Elwin is in, we cannot conclude, based on the current wording of the rule and the unique facts of this case, that the trial court departed from the essential requirements of law.
We do not find that the high standard for certiorari relief has been met. However, we remind Respondent’s counsel of his professional responsibility to conduct litigation in a manner to assure the just, speedy and inexpensive determination of every action. See The Florida Bar, Ideals and Goals of Professionalism, Std. 4 (2005 ed.). Likewise, we remind the trial court of its obligation to “take charge of all cases at an early stage in the litigation and ... control the progress of the case thereafter until the case is determined.” Fla. R. Jud. Admin. 2.085(b).
CERTIORARI DENIED.
PALMER, ORFINGER and LAWSON, JJ., concur.

. Florida Rule of Civil Procedure 1.070(j) provides:
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).